Sedric Maurice SIMPSON *v.* STATE of Arkansas

01-141                                              65 S.W.3d 878

Supreme Court of Arkansas
Opinion delivered February 7, 2002

*Lea Ellen Fowler*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Sedric Maurice Simpson was convicted and sentenced to death on two counts of capital murder, and we affirmed. *Simpson v. State*, 339 Ark. 467, 6 S.W.3d 104 (1999). Following the issuance of our mandate on January 4, 2000, the circuit court conducted a hearing as required by Ark. R. Crim. P. 37.5 (2001). At that hearing on January 24, 2000 the circuit court found Simpson indigent, and appointed counsel to represent Simpson in his postconviction proceedings. *See* Ark. R. Crim. P. 37.5(b)(2). Under the Provisions of Rule 37.5(e), it is provided that a "petition for relief under this rule shall be filed within ninety days after the entry of the order required in subsection (b)(2)." *Id.* Because the order under the provisions of subsection (b)(2) was entered on January 24, 2000, Simpson had ninety days from that date to file his petition for Rule 37 relief. His petition was timely filed on March 23, 2000, almost a month before the time for filing would expire. The state responded on April 27, 2000, and did not challenge the timeliness of Simpson's petition.

On October 27, 2000, an order dismissing Simpson's petition on the basis of Ark. R. Crim. P. 37.2(c) was entered by the circuit court. This order did not make any reference to the applicable time limit established by Rule 37.5(e) but erroneously relied upon a discrete section applicable generally to non-death cases as set out in Ark. R. Crim. P. 37.2(c), which provides in pertinent part:

> If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court.

*Id.*

With reference to the question as to what rule is applicable, Ark. R. Crim. P. 37.5(a) states:

> *Purpose and scope.* This rule shall apply only to persons under a sentence of death. *Except as otherwise provided in this rule,* the provisions of Rules 37.1, 37.2, 37.3, and 37.4 shall apply to a petition for post-conviction relief by a person under sentence of death.

(Emphasis added.) Here, it is clear that the provision of Ark. R. Crim. P. 37.5(e), allowing ninety days after the appointment of counsel, is an exception to the sixty-day time limit imposed in non-death cases by 37.2(c). Appellant timely appealed the dismissal of his Rule 37 petition, and we agree that the circuit court erred in dismissing the petition under an inapplicable rule.

■ Accordingly, we reverse and remand with directions to reinstate the petition and conduct the hearing, make specific written findings of fact and conclusions of law, and to comply fully with the provisions of Ark. R. Crim. P. 37.5(h) and (i).

Reversed and remanded.